Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

2024 JAN 29 P 1:11

_____ Division

| | |
|---|---|
| Marqueice Johnson | ) Case No. 1:24cv139 |
| | ) (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☐ Yes ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| L & K Recovery, LLC | ) |
| Virginia Specialist Recovery, LLC; | ) |
| Christopher Philip Lawrence | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marqueice Johnson |
| Street Address | 43805 central station dr, Apt 403 |
| City and County | Ashburn,  Loundon County |
| State and Zip Code | VA  20147 |
| Telephone Number | 202 -489 - 9933 |
| E-mail Address | marqueice 2 @ gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name                              L & K Recovery, LLC

Job or Title *(if known)*

Street Address                    6225 Windward dr

City and County                   Burke, Fairfax County

State and Zip Code                VA, 22015

Telephone Number                  703-327-5600

E-mail Address *(if known)*

**Defendant No. 2**

Name                              Virginia Recovery Specialist, LLC

Job or Title *(if known)*

Street Address                    6225 Windward dr

City and County                   Burke, Fairfax County

State and Zip Code                VA 22015

Telephone Number                  703-547-8800

E-mail Address *(if known)*

**Defendant No. 3**

Name                              Christopher Philip Lawrence

Job or Title *(if known)*         CEO/Registred Agent

Street Address                    6225 Windward dr

City and County                   Burke, Fairfax County

State and Zip Code                VA 22015

Telephone Number                  703-327-5600

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[X] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fair Debt Collection Practices Act, Fair Credit Reporting Act,
U.S Const. Amend. IV, and U.S Const. Amend. V

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the
   State of *(name)* _____ .

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)*
   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of
   the State of *(name)* _____ . Or is a citizen of
   *(foreign nation)* _____ .

       **b.**    If the defendant is a corporation

           The defendant, *(name)* _____, is incorporated under

           the laws of the State of *(name)* _____, and has its

           principal place of business in the State of *(name)* _____.

           Or is incorporated under the laws of *(foreign nation)* _____,

           and has its principal place of business in *(name)* _____

           *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

     **3.**    The Amount in Controversy

          The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

          _____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendant illegally seized my personal property on 01/23/2024 with no Court order. Defendants also breached the peace in their action, causing breaking and entering onto a private residence which they were not called to ~~do so~~ are they residents of. Causing those in vicinity to possible have recorded the entire scene subjecting me to irreparable damages and humiliation to my reputation. Correspondence has since been sent and recieve by all defendants attempting to ~~to~~ amicably resolve the situation on 01/23/2024 and 01/24/2024 to no avail (see attached complaint and exhibits)

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$115,000 in actual damages, $10,000 in statutory damages under FDCPA, and FCRA, $60,000 in punitive damages for constitutional violations and FCRA violations, equitable relief in the form of ordering the return of illegally seized property, and any other relief the courts deem just and proper. (See attached complaint & exhibits)

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     01/29/ 2024

Signature of Plaintiff     *Marqueice Markelle Anthony Johnson*
Printed Name of Plaintiff     *Marqueice Markelle Anthony Johnson*

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____
Printed Name of Attorney     _____
Bar Number     _____
Name of Law Firm     _____
Street Address     _____
State and Zip Code     _____
Telephone Number     _____
E-mail Address     _____

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

JAN 2 9 2023

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Marqueice Johnson | ) | Case No. 1:24-cv-139 |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| VIRGINIA RECOVERY SPECIALIST, LLC; | ) | |
| Christopher Philip Lawrence | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

I, Marqueice Johnson (plaintiff) bring this action against defendants VIRGINIA RECOVERY SPECIALIST, LLC and Christopher Philip Lawrence (hereinafter all defendants referred to collectively as "Defendants") for violations of §§ 1692d(1), 1692d(2), 1692e(1), 1692e(6)(B), 1692e(14), and 1692f(6)(A) of the Fair Debt Collection Practices Act (FDCPA), violations of §§ 1681b(a)(1), 1681b(a)(2), and 1681q of the Fair Credit Reporting Act (FCRA), violation of U.S Conti. Amend. IV, and violation of U.S Consti. Amend. V, and alleges as follows:

## JURISDICTION AND VENUE

1. This court has subject-matter jurisdiction over this action because it is brought under a federal question, 28 U.S.C § 1331

2. Venue is proper because Defendants are located and do business here, 28 U.S.C. § 1391(b)(1)

3. Plaintiff is a federally protected consumer / natural person.

4. Defendant VIRGINIA RECOVERY SPECIALIST, LLC is a repossession company located at 6225 Windward Dr, Burke, VA 22015 and is registered with the DCJS under license number 15174. This business is also registered with the scc of Virginia under entity identification number 53688183.

5. Defendant Christopher Philip Lawrence is registered as the CEO and Registered Agent for VIRGINIA RECOVERY SPECIALIST, LLC. Christopher Philip Lawrence license number listed with the DCJS is DAD-11943

# STATEMENT OF FACTS

6. Plaintiff is a natural person as defined under the FDCPA 15 U.S.C § ` 1692a(3)

7. Defendant VIRGINIA SPECIALIST RECOVERY, LLC is a debt collector as defined under 15 U.S.C § 1692a(6) of the FDCPA as they are in the regular practice of collecting, or attempting to collect debts.

8. Defendant Christopher Philip Lawrence is registered as the Registered Agent for VIRGINIA SPECIALIST RECOVERY, LLC (see Exhibit A), and is responsible for the actions of VIRGINIA SPECIALIST RECOVERY, LLC.

9. On 01/23/2024 at approximately between the hours of 12:00am and 6:00am plaintiff's property was illegally seized after Defendants scanned plaintiff's plate / credit card as defined under 15 U.S.C. § 1681a(r)(2) without any consent from plaintiff and with no permissible purpose to gather information on plaintiff.

10. Plaintiff's property was illegally seized at an private residence, where the cars reside in a private garage, as stated in my lease (see exhibit B). Which you need a fob registered by the leasing office to access (see exhibit C through D), at address 43805 Central Station Dr, Apt 403, Ashburn, VA 20147

11. At the time of this seizure and as of the time of the writing of this complaint there was not and is not any court order granting the taking of plaintiff's property.

12. On 01/23/2024 an agent / employee of VIRGINIA RECOVERY SPECIALIST, LLC breached the peace inciting a scene that resulted into breaking and entering on a private residence. Which they were not called to do so nor was there any court order to do so, and still is not one at the time of writing this complaint.

13. In this age of technology there is no measure to who could of took videos and now have possible spread across the internet subjecting plaintiff and plaintiff's family to irreparable humiliation and damage to reputation.

14. I also have a recording with the permission of an employee from VIRGINA RECOVERY SPECIALIST, LLC, confessing to breaking and entering and the company being a debt collector.

15. Christopher Philip Lawrence has a license under DCJS, but his company VIRGINIA

16. RECOVERY SERVICES, LLC does not have an USDOT number when looking up in the Department of Transportation system (see exhibit E). Although Christopher P Lawrence has another company under the name of L & K RECOVERY, LLC which does have a Maryland issued USDOT number as follows: 1072742 (see exhibit F). They are operating with a USDOT number under another entity which Christopher is the registered agent of, which is registered in Virginia and the entity id number in the State Corporation Commission Clerk's Information System is S0830614.

17. Although Defendants are debt collectors, and do not require a license in the state of VIRGINIA. They did not carry out the required federal procedures when attempting to collect a debt.

18. Plaintiff has reached out via certified mail with/ without signatures required to Defendants on several occasions in order to amicably resolve this matter on 01/23/2023 and 01/26/2024 to no avail. (See Exhibits G through L)

# **FDCPA VIOLATIONS**

19. The FDCPA prohibits and seeks to eliminate abusive, deceptive, and unfair debt collections practices by debt collectors. 15 U.S.C § 1692

20. Defendants are "debt collectors" under the Act because their principal purpose is the collection or attempted collection of debts. 15 U.S.C § 1692a(6)

# **COUNT I**

# ABUSIVE PRACTICES

21. Plaintiff realleges and incorporates by reference paragraphs 1-17.

22. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d

23. Defendants practice of illegally seizing plaintiff's property and damaging plaintiff's property and reputation in the act is a violation of 15 U.S.C. § 1692d(1)

# COUNT II

# ABUSIVE PRACTICES

24. Plaintiff realleges and incorporates by reference paragraphs 1-17.

25. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in the connection with the collection of a debt.  15 U.S.C § 1692d

26. Defendants action of claiming to have a right to repossess plaintiff's property is obscene and profane when no such present right exists and is intended as a form of abuse which is a violation of 15 U.S.C. § 1692d(2).

# COUNT III

# DECEPTIVE PRACTICES

27. Plaintiff realleges and incorporates by reference paragraphs 1-17.

28. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt. 15 U.S.C. § 1692e

29. Defendants are using the false implication that they are vouched for and/ or bonded under the state of Virginia by carrying a license through the DCJS under ID: 15174.

Defendants company VIRGINIA RECOVERY SPECIALIST, LLC does not have a USDOT number.  Though Defendant's company L & K RECOVERY, LLC which this USDOT number has a physical address in the state of Maryland under USDOT number: 1072742 and is in violation of 15 U.S.C. § 1692e(1).

# COUNT IV

# DECEPTIVE PRACTICES

30.  Plaintiff realleges and incorporates by reference paragraphs 1-17.

31.  The FDCPA prohibits any debt collectors from using any false, deceptive, or misleading representation of means in connection with the collection of debt. 15 U.S.C. § 1692e

32.  Defendants implications that the referral of the debt for collection by defendants has left the plaintiff subject to prohibited practices such as the "repossession" itself is a violation of 15 U.S.C § 1692e(6)(B).

# COUNT V

# DECEPTIVE PRACTICES

33. Plaintiff realleges and incorporates by reference paragraphs 1-17.

34.  The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

35.  Defendants practice of intentionally not using the true name of their business by using multiple business names as a way to hide their identity while illegally seizing property and storing illegally seized property is a clear violation of 15 U.S.C § 1692e(14)

# COUNT VI

# UNFAIR PRACTICES

36. Plaintiff realleges and incorporates by reference paragraphs 1-17

37. The FDCPA prohibits a debt collector from using any unfair or unconscionable means in the collection of any debt.  15 U.S.C § 1692f

38. Defendants took a nonjudicial action of dispossession against plaintiff with no right to possession of plaintiff's property and violated 15 U.S.C § 1692f(6)(A)

## **FCRA VIOLATIONS**

39. It is the purpose of the FCRA to require reasonable procedures to ensure that consumer reporting agencies exercise their grave responsibility in a manner that is fair and equitable to the consumer with regards to confidentiality and proper utilization of such information in accordance with the requirements of that subchapter. 15 U.S.C § 1681

40. Defendants are a "person" under the Act because VIRGINIA RECOVERY SPECIAILIST, LLC, L & K RECOVERY, LLC, is a corporation and Christopher Philip Lawrence is an individual 15 U.S.C.  § 1681a(b)

# COUNT VII
# LACK OF PERMISSIBLE PURPOSE

41. Plaintiff realleges and incorporates by reference paragraphs 1-17.

42. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C § 1681b

43. Defendants were not in possession of an order from the court having jurisdiction to issue such an order to grant them permissible purpose to obtain a consumer report on plaintiff which is in violation of 15 U.S.C § 1681b(a)(1)

# COUNT VIII

# LACK OF PERMISSIBLE PURPOSE

44. Plaintiff realleges and incorporates by reference paragraphs 1-17.

45. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C. § 1681b

46. Defendants had absolutely no direct consent from plaintiff to acquire any information about plaintiff from their consumer report, so Defendants had no permissible purpose and are in violation of 15 U.S.C. § 1681b(a)(2)

# COUNT IX

# FALSE PRETENSES

47. Plaintiff realleges and incorporates by reference paragraphs 1-17

48. Under the FCRA any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both. 15 U.S.C. § 1681q

49. Defendants regular practice of knowingly and willfully obtaining information on consumers from consumer reporting agencies without any certification as to the specific reason falls under false pretenses and is a direct violation of 15 U.S.C. § 1681q

# CONSTITUTIONAL VIOLATIONS

50. The United States Constitution's Bill of Rights was passed to guarantee civil rights and liberties to the individuals such as due process of law and reserves all powers not delegated to the Federal government to the people or the states.

51. The Bill of Rights affords plaintiff certain protections and guarantees that were disregarded in this matter and are as follows:

# COUNT X
# UNLAWFUL SEIZURE

52. Plaintiff realleges and incorporates by reference paragraphs 1-17.

53. The U.S Consti. Amend. IV affords the right of the people to be secure in their persons, houses, and effects, and protections against unreasonable searches and seizures shall not be violated.  Except by warrants that are supported by oath or affirmation and particularly describing the property to be seized.

54. Defendants unlawfully seized plaintiff's property without a proper court order supported by oath and/ or describing the property to be seized therefore unlawfully depriving plaintiff of their Fourth Amendment right to be secure in plaintiff's own property.

# COUNT XI
# DISREGARD OF DUE PROCESS

55. Plaintiff realleges and incorporates by reference paragraph 1-17.

56. The U.S Const. Amend. V affords the right that no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

57. Defendants actions have deprived plaintiff of their property without any due process of law leaving plaintiff without the freedom to enjoy said property.

# PRAYER FOR RELIEF

Plaintiff thus requests that the court:

a. Permanently enjoin Defendants from committing future violations of the FDCPA and FCRA

b. Impose monetary relief in the amount of $6,000 usd against Defendants for statutory damages under the FDCPA 15 U.S.C. § 1692k(a)(2)(A)

c. Impose monetary relief in the amount of $4,000 usd against Defendants for statutory damages under the FCRA 15 U.S.C. § § 1681n(a)(1)(A)

d. Impose monetary relief in the amount of $115,000 usd for actual damages for the value of plaintiff's property due to FDCPA, FCRA, and Constitutional violations 15 U.S.C. § § 1692k(a)(1), 1681n(a)(1)(A)

e. Impose equitable relief by ordering Defendants to return property to plaintiff.

f. Impose punitive damages in the amount $60,000 usd for mental anguish, and irreparable damages to reputation and constitutional violations.

g. Sentence Christopher Philip Lawrence for not more than 2 years in accordance with 15 U.S.C. § 1681q

h. Award additional relief as the Court may deem just and proper.

Respectfully submitted,

Marqueice Johnson

Pro-se Litigant / Plaintiff

Marqueice Markelle Anthony Johnson : Beneficiary
"All rights reserved "

State of VA   County of Alexandria City
The foregoing instrument was acknowledged before me
this 29 day of January, 20 2U,
by marqueice Johnson
_____ Notary Public
My Commission Expires 02/28/2027

SENIA CORTEZ
NOTARY PUBLIC
REG. # 8084854
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEBRUARY 28, 2027

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| Marqueice Johnson | ) | |
| | ) | Case No. 1:24-CV-139 |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| L & K RECOVERY, LLC; | ) | |
| Christopher Philip Lawrence | ) | |
| | ) | |
| Defendents. | ) | |
| | ) | |

## INTRODUCTION

I, Marqueice Johnson (plaintiff) bring this action against defendants L & K RECOVERY, LLC and Christopher Philip Lawrence (hereinafter all defendants referred to collectively as "Defendants") for violations of §§ 1692d(1), 1692d(2), 1692e(1), 1692e(6)(B), 1692e(14), and 1692f(6)(A) of the Fair Debt Collection Practices Act (FDCPA), violations of §§ 1681b(a)(1), 1681b(a)(2), and 1681q of the Fair Credit Reporting Act (FCRA), violation of U.S Conti. Amend. IV, and violation of U.S Consti. Amend. V, and alleges as follows:

## JURISDICTION AND VENUE

1. This court has subject-matter jurisdiction over this action because it is brought under a federal question, 28 U.S.C § 1331

2. Venue is proper because Defendants are located and do business here, 28 U.S.C. § 1391(b)(1)

3. Plaintiff is a federally protected consumer / natural person.

4. Defendant L & K RECOVERY, LLC is a repossession company located at 6225 Windward Dr, Burke, VA 22015 and is registered with the DCJS under license number 15174. This business is also registered with the scc of Virginia under entity identification number 53688183.

5. Defendant Christopher Philip Lawrence is registered as the CEO and Registered Agent for L & K RECOVERY, LLC. Christopher Philip Lawrence license number listed with the DCJS is DAD-11943

# STATEMENT OF FACTS

6. Plaintiff is a natural person as defined under the FDCPA 15 U.S.C § ˋ1692a(3)

7. Defendant L & K RECOVERY, LLC is a debt collector as defined under 15 U.S.C § 1692a(6) of the FDCPA as they are in the regular practice of collecting, or attempting to collect debts.

8. Defendant Christopher Philip Lawrence is registered as the Registered Agent for L & K RECOVERY, LLC(see Exhibit A), and is responsible for the actions of L & K RECOVERY, LLC

9. On 01/23/2024 at approximately between the hours of 12:00am and 6:00am plaintiff's property was illegally seized after Defendants scanned plaintiff's plate / credit card as defined under 15 U.S.C. § 1681a(r)(2) without any consent from plaintiff and with no permissible purpose to gather information on plaintiff.

10. Plaintiff's property was illegally seized at an private residence, where the cars reside in a private garage, as stated in my lease (see exhibit B). Which you need a fob registered by the leasing office to access (see exhibit C through D), at address 43805 Central Station Dr, Apt 403, Ashburn, VA 20147

11. At the time of this seizure and as of the time of the writing of this complaint there was not and is not any court order granting the taking of plaintiff's property.

12. On 01/23/2024 an agent / employee of L & K RECOVERY, LLC breached the peace inciting a scene that resulted into breaking and entering on a private residence. Which they were not called to do so nor was there any court order to do so, and still is not one at the time of writing this complaint.

13. In this age of technology there is no measure to who could of took videos and now have possible spread across the internet subjecting plaintiff and plaintiff's family to ~~irreparable humiliation and damage to reputation.~~

14. I also have a recording with the permission of an employee from L & K RECOVERY, LLC, confessing to breaking and entering and the company being a debt collector.

15. Christopher Philip Lawrence has a license under DCJS, but his company VIRGINIA

16. L & K RECOVERY, LLC does have an USDOT number when looking up in the Department of Transportation system (see exhibit E). Although Christopher P Lawrence USDOT number in MARYLAND as follows: 1072742 (see exhibit F). They are operating with a USDOT number under another entity which Christopher is the registered agent of, which is registered in Virginia and the entity id number in the State Corporation Commission Clerk's Information System is S0830614.

17. Although Defendants are debt collectors, and do not require a license in the state of VIRGINIA. They did not carry out the required federal procedures when attempting to collect a debt.

18. Plaintiff has reached out via certified mail with/ without signatures required to Defendants on several occasions in order to amicably resolve this matter on 01/23/2023 and 01/26/2024 to no avail. (See Exhibits G through L)

# FDCPA VIOLATIONS

19. The FDCPA prohibits and seeks to eliminate abusive, deceptive, and unfair debt collections practices by debt collectors. 15 U.S.C § 1692

20. Defendants are "debt collectors" under the Act because their principal purpose is the collection or attempted collection of debts. 15 U.S.C § 1692a(6)

# COUNT I

# ABUSIVE PRACTICES

21. Plaintiff realleges and incorporates by reference paragraphs 1-17.

22. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d

23. Defendants practice of illegally seizing plaintiff's property and damaging plaintiff's property and reputation in the act is a violation of 15 U.S.C. § 1692d(1)

# COUNT II

# ABUSIVE PRACTICES

24. Plaintiff realleges and incorporates by reference paragraphs 1-17.

25. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in the connection with the collection of a debt.  15 U.S.C § 1692d

26. Defendants action of claiming to have a right to repossess plaintiff's property is obscene and profane when no such present right exists and is intended as a form of abuse which is a violation of 15 U.S.C. § 1692d(2).

# COUNT III

# DECEPTIVE PRACTICES

27. Plaintiff realleges and incorporates by reference paragraphs 1-17.

28. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt. 15 U.S.C.  § 1692e

29. Defendants are using the false implication that they are vouched for and/ or bonded under  the state of Virginia by carrying a license through the DCJS under ID: 15174. Defendants company L & K RECOVERY, LLC does have a USDOT number.  Though Defendant's company L & K RECOVERY, LLC which this USDOT number has a physical

address in the state of Maryland under USDOT number: 1072742 and is in violation of 15 U.S.C. § 1692e(1).

# COUNT IV

# DECEPTIVE PRACTICES

30. Plaintiff realleges and incorporates by reference paragraphs 1-17.

31. The FDCPA prohibits any debt collectors from using any false, deceptive, or misleading representation of means in connection with the collection of debt. 15 U.S.C. § 1692e

32. Defendants implications that the referral of the debt for collection by defendants has left the plaintiff subject to prohibited practices such as the "repossession" itself is a violation of 15 U.S.C § 1692e(6)(B).

# COUNT V

# DECEPTIVE PRACTICES

33. Plaintiff realleges and incorporates by reference paragraphs 1-17.

34. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

35. Defendants practice of intentionally not using the true name of their business by using multiple business names as a way to hide their identity while illegally seizing property and storing illegally seized property is a clear violation of 15 U.S.C § 1692e(14)

# COUNT VI

## UNFAIR PRACTICES

36. Plaintiff realleges and incorporates by reference paragraphs 1-17

37. The FDCPA prohibits a debt collector from using any unfair or unconscionable means in the collection of any debt. 15 U.S.C § 1692f

38. Defendants took a nonjudicial action of dispossession against plaintiff with no right to possession of plaintiff's property and violated 15 U.S.C § 1692f(6)(A)

## FCRA VIOLATIONS

39. It is the purpose of the FCRA to require reasonable procedures to ensure that consumer reporting agencies exercise their grave responsibility in a manner that is fair and equitable to the consumer with regards to confidentiality and proper utilization of such information in accordance with the requirements of that subchapter. 15 U.S.C § 1681

40. Defendants are a "person" under the Act because VIRGINIA RECOVERY SPECIAILIST, LLC, L & K RECOVERY, LLC, is a corporation and Christopher Philip Lawrence is an individual 15 U.S.C. § 1681a(b)

# COUNT VII

## LACK OF PERMISSIBLE PURPOSE

41. Plaintiff realleges and incorporates by reference paragraphs 1-17.

42. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C § 1681b

43. Defendants were not in possession of an order from the court having jurisdiction to issue such an order to grant them permissible purpose to obtain a consumer report ~~on plaintiff which is in violation of 15 U.S.C § 1681b(a)(1)~~

# COUNT VIII

# LACK OF PERMISSIBLE PURPOSE

44. Plaintiff realleges and incorporates by reference paragraphs 1-17.

45. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C. § 1681b

46. Defendants had absolutely no direct consent from plaintiff to acquire any information about plaintiff from their consumer report, so Defendants had no permissible purpose and are in violation of 15 U.S.C. § 1681b(a)(2)

# COUNT IX

# FALSE PRETENSES

47. Plaintiff realleges and incorporates by reference paragraphs 1-17

48. Under the FCRA any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both. 15 U.S.C. § 1681q

49. Defendants regular practice of knowingly and willfully obtaining information on consumers from consumer reporting agencies without any certification as to the specific reason falls under false pretenses and is a direct violation of 15 U.S.C. § 1681q

# CONSTITUTIONAL VIOLATIONS

50. The United States Constitution's Bill of Rights was passed to guarantee civil rights and liberties to the individuals such as due process of law and reserves all powers not delegated to the Federal government to the people or the states.

51. The Bill of Rights affords plaintiff certain protections and guarantees that were disregarded in this matter and are as follows:

# COUNT X
# UNLAWFUL SEIZURE

52. Plaintiff realleges and incorporates by reference paragraphs 1-17.

53. The U.S Consti. Amend. IV affords the right of the people to be secure in their persons, houses, and effects, and protections against unreasonable searches and seizures shall not be violated.  Except by warrants that are supported by oath or affirmation and particularly describing the property to be seized.

54. Defendants unlawfully seized plaintiff's property without a proper court order supported by oath and/ or describing the property to be seized therefore unlawfully depriving plaintiff of their Fourth Amendment right to be secure in plaintiff's own property.

# COUNT XI
# DISREGARD OF DUE PROCESS

55. Plaintiff realleges and incorporates by reference paragraph 1-17.

56. The U.S Const. Amend. V affords the right that no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

57. Defendants actions have deprived plaintiff of their property without any due process of law leaving plaintiff without the freedom to enjoy said property.

# PRAYER FOR RELIEF

Plaintiff thus requests that the court:

a. Permanently enjoin Defendants from committing future violations of the FDCPA and FCRA

b. Impose monetary relief in the amount of $6,000 usd against Defendants for statutory damages under the FDCPA 15 U.S.C. § 1692k(a)(2)(A)

c.  Impose monetary relief in the amount of $4,000 usd against Defendants for statutory damages under the FCRA 15 U.S.C. § § 1681n(a)(1)(A)

d.  Impose monetary relief in the amount of $115,000 usd for actual damages for the value of plaintiff's property due to FDCPA, FCRA, and Constitutional violations 15 U.S.C. § § 1692k(a)(1), 1681n(a)(1)(A)

e.  Impose equitable relief by ordering Defendants to return property to plaintiff.

f.  Impose punitive damages in the amount $60,000 usd for mental anguish, and irreparable damages to reputation and constitutional violations.

g.  Sentence Christopher Philip Lawrence for not more than 2 years in accordance with 15 U.S.C. § 1681q

h.  Award additional relief as the Court may deem just and proper.

Respectfully submitted,

Marqueice Johnson

Pro-se Litigant / Plaintiff

Marqueice Markelle Anthony Johnson : Beneficiary
"All rights reserved"

State of VA   County of Alexandria city
The foregoing instrument was acknowledged before me
this 29 day of January ,20 24.
by marqueice Johnson
_____ Notary Public
My Commission Expires 02\28\2027

SENIA CORTEZ
NOTARY PUBLIC
REG. # 8084854
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEBRUARY 28, 2027